JOHN R. BROWN, Circuit Judge,
dissenting.
Despite the exhaustive opinion of Judge Wiener, I cannot believe that under the guidance of the Supreme Court the law has gotten to the point where federal courts in habeas proceedings can be denied the opportunity to hear and decide whether three distinct, now unquestioned, constitutional errors resulted in a sentence for life.
The frustrations of Tantalus pale in comparison to the exasperation Hosey Johnson must have felt as, time and again, his Sisyphean pleas fell on unhearing (or at least unlistening) ears, a result of the shortcomings of those charged with seeing to it that Johnson received fairness under our system of justice. As his odyssey through the state and federal courts unfolds below, a picture emerges of step after inept step, fostered by hypertechnicalities, producing a series of hollow “days in court,” devoid of real substance, never considering the merits of Johnson’s facially meritorious claims.
The central undisputed fact is that twice — first in a mistrial and then in a full trial — Johnson was permitted to prejudice himself by his own self-condemning but mistaken testimony solely because his trial counsel twice did not bother to follow through on his own discovery request and because the prosecutor twice sat mute during Johnson’s mistaken testimony, knowing full well that he (the prosecutor) had withheld discoverable information the delivery of which would have prevented Johnson’s own self-destructive testimony. That such an injustice was allowed to happen in the first place is bad enough; that repeated efforts to have such improprieties repudiated and expunged through direct and collateral appeals only to be frustrated procedurally — most recently as an “abuse of the writ” — cries out for correction.
Johnson erroneously testified during his trial that he had been convicted of strong armed robbery. The misconduct of the prosecutor in failing to deliver Johnson’s rap sheet to trial counsel might well have affected the jury’s verdict on the guilt-innocence issue, and, even more likely, could have affected the jury’s decision to assess life imprisonment.
I would REVERSE the judgment of the district court dismissing Johnson’s second habeas petition, and REMAND this case for such action as the court would then direct.
I, therefore, dissent.